Lashbrook, um, Mr. Friedman May I please the court? After having granted Robert Hudson a conditional writ of habeas corpus, the district court held that it lacked authority to evaluate the state's compliance with that order. Instead, the district court held that to get federal court review of the state's compliance with the federally issued conditional writ, Hudson would have to return to state court first, and if that failed, file a second habeas petition. File a second what? Habeas petition. In other words, it left final determination of the state's compliance with the conditional writ for a different day in a different federal court. That decision was wrong for two reasons. Why would it be a different federal court? Well, Your Honor, because it's a second habeas, it's not clear that the petition would go back to Judge Chang. Presumably, it would be subject to the district court's normal procedures for assigning those cases. So it's certainly not clear from our review of those procedures that it would be necessarily back to Judge Chang. So there are really two reasons for, two problems with the district court's order. It misunderstands the conditional writ framework and the role of federal courts in enforcing compliance with constitutional violations found during federal habeas proceedings. And then second, it misreads or reads too much into the Supreme Court's decision in Lafleur v. Cooper. It's important to keep in mind as we're reviewing this case that the traditional remedy in habeas cases is to release the prisoner. However, the current version of the habeas statute, 28 U.S.C. 2243, allows courts to dispose of habeas corpus matters as law and justice require. The Supreme Court has said that that provision vests federal courts, federal habeas courts, with the largest power to control and direct the form of judgment in habeas proceedings. However, recognizing that releasing prisoners could be harmful, district courts began to issue conditional writs whereby they conditioned a habeas petitioner's release on the state remedying the constitutional violation that led to the writs issuance. In other words, district courts allow states now to a window of opportunity within which it might cure the constitutional error. Here, that error was ineffective assistance of counsel during plea bargaining. Ineffective because he gave them the wrong information? No, Your Honor. Ineffective because counsel in the original state trial proceedings failed to investigate Mr. Hudson's criminal history. And in particular, he failed to review the fingerprint-generated leads report, which detailed the full extent of Mr. Hudson's criminal history, including the convictions for murder, theft, and various other crimes. Mr. Hudson didn't fail to tell him about those convictions? No, Your Honor. It's not clear from the record. Mr. Hudson, at his intake interview, told the investigator that he had been convicted three times, but two of those crimes were listed in the leads report under aliases. It's also important to keep in mind, Your Honor, that at the time of his intake interview, Mr. Hudson was addicted to heroin, and he was being medicated for withdrawal, which is why, in the record, it's not exactly clear, and Hudson could not remember exactly what he told the investigator. All we have is the testimony of Stacey DeWald, who was the investigator who filled out the form, and we have the form itself, which is why Judge Chang specifically held in the original habeas order that the state court's determination on that exact point of law was unreasonable in light of the facts in the record. So he sent it back to the state court, and the state court then was to hypothetically, at least, say, what would you have done? It's one of those old sayings. If you knew then what you know now, what would you do, I guess, or what would you have done then? I'm not sure what it would have been, because what we know now is that he had a murder, two prior armed robberies, burglary, felony theft, and felony drug possession. Not a very clean record for a guy that changed his name and a lot of other things. That's correct, Your Honor, but I think it's important to recognize the limited nature of this appeal. The problem that we're complaining about here is that the district court has permanently foreclosed Hudson from seeking federal court review of the state's compliance with the conditional writ. That's the problem we're complaining about. So to the extent about what the state trial court should have done is not necessarily at issue in this case. Do you mean to have to start over again with the habeas based on what went on in the state court on that remand? Well, that's what Judge Chang's order requires. At the termination of the state court proceedings, it requires Mr. Hudson to then file a second habeas petition. He's not allowed to reopen or reinstate or execute the conditional writ that Judge Chang already ordered. That's what Judge Chang's order says, and that runs contrary to the vast majority of cases in this circuit and others, including Fifer, Minkins-Thomas, and those types of cases. So the problem here is that— He wanted your client to file a new habeas corpus petition in state court. No, Your Honor. He wanted Mr. Hudson at the termination of state court proceedings to file a new federal habeas petition in order to seek review of the state's compliance with the initial conditional writ. Was there some question of exhaustion on that remand? So, Your Honor, first, it's a technical matter. It's not a remand, but second— Whatever you call it. Second, we have in our state appeal, which is currently pending, we have raised similar issues, and it's certainly possible that the state court could grant relief on those and therefore, for instance, order the trial court to accept the plea agreement that it ultimately rejected. But we do not believe—let me take a second. We are currently attempting to exhaust those by also pursuing a state appeal concurrently with this appeal. Well, why don't you wait until the state appeals are over before— Well, Your Honor, as a practical matter, that would be a possibility but for the way Judge Chang disposed of this case. Because he issued his order denying our motion to enforce and also precluded us from returning to federal court, we have no choice but to appeal his order now in order to preserve our ability later to complain about what the state court has done ultimately. Well, I don't understand why you couldn't complain later. Your Honor, under Judge Chang's order, the only way we could complain is by filing a second habeas petition. What's the big problem with that? Well, Your Honor, for one, AEDPA erects numerous bars to filing habeas petitions and as we've pointed out in the brief, it's not exactly clear that a remedy— that the constitutional violation that led to the conditional writ was never remedied. So it would be strange to say that in a subsequent habeas proceeding, our claim under 2254 is that we never got a remedy for the constitutional violation that was already found by a federal district court. I don't know. It sounds straightforward to me. I don't know what the problem is. Well, Your Honor, for one, the bar on second and successive habeas petitions could possibly bar that, and this court has held in Kendrick v. Hamblin, which is an unpublished decision I grant, but has held that claims like this where you're only seeking a remedy are not separate claims for purposes of the habeas statutes. So it isn't at all necessarily possible for us to seek full review of the state's compliance with the conditional writ. Well, I don't understand that. So presumably your position is that your client is being improperly detained, right? Correct, because the original constitutional violation— So you litigate that in state court, and if you strike out there, I don't see what's to prevent you from filing a new habeas corpus petition in a federal court and saying, you know, I'm being held illegally. Well, Your Honor, the problem with that is the proper court to decide whether the state has actually complied with the conditional writ is the court that granted the writ in the first place. So our problem is— But if he goes through the state proceeding and wins, then he doesn't have to worry about the federal courts anymore, right? And if he loses, then he can file a second habeas corpus petition. That's exactly right, Your Honor, and I grant that depending on the outcome of the state court proceedings, Mr. Hudson may not need to return to federal court. What we're trying to do in this appeal is preserve his ability to return to Judge Chang. We don't care whether he goes to Judge Chang or some other federal judge. What would prevent him? If he strikes out in the state system, what's to prevent him from asking for a habeas corpus? Well, like I said, the habeas statutes bar on second and successive petitions could bar him, but we're not exactly sure. And also, Judge, it's a peculiar order, Your Honor, I apologize. But also, it's important for this case to go back to Judge Chang because he has the most experience with this case. We've been in front of Judge Chang now for the better part of four years. He's written three lengthy orders on the substantive issues. He has the most experience with this case, and it's only appropriate for him to decide whether the state has actually complied with the writ in this case, which is whether... Well, if you filed a second habeas corpus petition, you could say, for the reasons you've just stated, that we suggest it be referred to Judge Chang since he already knows this case. Why would that be a problem? Your Honor, there is a problem with filing a second habeas petition because there are, EDPA erects so many different bars to review that it may not be effectively possible. And nothing in Judge Chang's order says one way or the other how EDPA's numerous bars would apply in this case. So there's a whole bunch of uncertainty about pursuing that route. What's the practical difference between another habeas corpus proceeding and an appeal to us? If you're asking just different judges for the same thing? No, Your Honor, I think there are tremendous practical differences to pursuing those two routes. In particular, take, for instance, EDPA's deference bar. It's unclear exactly how and whether the state court determination of the Lafler issues, whether that determination is entitled to deference. What do you mean entitled to deference? It can be challenged. Right, but... It's wrong. It gets thrown out. Right, Your Honor, but EDPA requires that we not only show that the decision is wrong, but it's unreasonable or contrary to Supreme Court precedent, which is a much higher bar. Well, contrary to Supreme Court precedent, yeah. I'm sorry? Showing it's contrary to a Supreme Court decision, that is difficult, I grant you that. Yeah. Your Honor, I see that... Would it be difficult in this case? Is there some Supreme Court decision sitting on the tracks? That's one of the many problems, Your Honor, is that in all the years... the habeas remedy, the reoffered plea as it did in this case, every court has awarded something. And we've got nothing here, and so this is the first time it's ever happened. And so showing, for instance, that it's an unreasonable application might be very difficult, although we certainly... But in this case, the trial judge can't, in some ways, if the state refuses to do something, they can't order the state to do that. That's exactly right. It can't order the state to do that, but it can order Mr. Hudson's release, Your Honor. That's the remedy. And so what we're doing here is we're trying to preserve the ability to make that argument to the district court. You've been dealt a tough hand here. I'm sorry? You've been dealt a tough case here, and it's kind of messed up. We'll see what the government has to say, because this is something... Are you appointed? No, Your Honor. We've been handling this case pro bono for quite some time now. Well, that's nice of you. So, Mr. Becker? Good morning, and may it please the court. Counsel, I'm Assistant Attorney General Matthew Becker on behalf of the respondent warden, and I'd like to jump right into some of the practical concerns at the heart of this case, because I think a lot of the more technical points of law are covered in the briefs. In practice, it's true that Judge Chang has a lot of experience with this case, but it's also true that the state trial court had a lot of experience with this, and the state appellate court and state supreme court have a lot of experience with how plea negotiations go. So that cuts in both directions, and more so under the habeas framework in favor of letting the state courts take a crack at this. I'd also like to push back a little bit on my opponent's idea that we're keeping him out of federal court permanently. Our main argument here is that the time has not yet arrived for federal review, or at the very least, Judge Chang was entitled to draw that conclusion, and there's nothing we see that's stopping him from coming back to federal court later. Now, it's true that edpedeference might make this an uphill climb, and this court's decision in Coulter against McCann deals a little with that, but to use some technical jargon, that's a feature, not a bug. Habeas is designed that way, but even setting aside edpedeference, it still makes sense to let the state courts take a crack at this here. Now, my opponent also specifically identified the bar on successive petitions, and as we read this court's Coulter decision, especially at page 466, there would not be a problem posed by the successive bar, because for this kind of case where a federal district court has ordered the state to have some kind of remedial proceeding, and then the outcome of that remedial proceeding is being challenged in another habeas proceeding, it's not going to be successive. It's not going to be barred in federal court. So what you're saying is this goes back to the state court, who wasn't happy to see this, to say the least, and the probability with his complete record is he's not going to get any breaks down there. And so I guess then if it's not barred, that's when he, if he gives whatever, how much time was he originally got? I forget. Well, it was originally a natural life sentence. So, you know, and he's got that murder and a lot of other things haven't improved much. So with a complete record, I assume then the state judge would probably say no way on this getting out free stuff and probably come up with a very similar sentence. And then that would be, you say it wouldn't be barred to have a habeas on that basis because it's all new? That's correct, Judge Mannion, at least in terms of the bar against just filing an application and having it considered. Now, the merits of his claim here are going to be difficult because of, again, what's sort of at the practical and moral heart of all this, which is his very robust criminal record. And if you're looking closely at Judge Chang's initial decision on the merits here, ordering the habeas writ in the first place, there are a lot of observers who might see it as a heavy lift or a bit of a stretch. And in part because he did have to reach so hard to, to find that there was a reasonable probability that this agreement might have been accepted. It's not that surprising that when it went back to the state trial judge most recently, she said, no, I've looked at this. This is not a deal I would accept. That's the thought experiment Lafleur calls for. And it can be reviewed in state court, in the appellate court. There's a pending appeal right now. It can be reviewed in the Illinois Supreme Court, perhaps. And then he can come back to federal court with that claim. But do I think it's likely to succeed? Do I think it should succeed? No. Your recommendation is that we let it continue to go through the normal appeals process in the state court. That's correct, Judge Cheney. And in fact, although sometimes it would be nice for parties to be able to waive jurisdiction, we can't. And as we explained in the brief, if you put all these pieces together, it suggests that the Northern District of Illinois is not done with the case. This is not a final order under Section 1291. And I couldn't get you to address the merits if I wanted you to. Now, even so, Judge Chang's decision that there are additional state remedies to exhaust. That would be a tough decision for us to challenge. Under 2254B, district courts may deny an unexhausted claim on the merits. But when they don't, I think it's pretty hard for us to come to this court and insist upon a merits determination. Nonetheless, we did include the merits in our brief because you never know what will happen during litigation. And we thought it would be passing strange to keep the merits away from your view entirely. But really, his criminal record is quite strong. Judge Paula Condreodis in the Will County Circuit Court looked at that, discussed it at length. She talked about various changes in state sentencing law over the years. She talked about the short periods of time that petitioner had managed to stay out of custody between each subsequent arrest. And she talked about the violent nature of things like his two prior armed robberies, the dangerousness of his burglary, the prior murder he committed, all of that. And if you wanted to draw an analogy to federal sentencing law, admittedly, we didn't discuss this in our brief. But if you were being sentenced for a similar thing in federal court, it wouldn't surprise me if the AUSA sought a 3559C enhancement. And based on the prior record, you get a mandatory life sentence there. If we're in federal court, even setting aside mandatory life sentences, you'd be using the career offender guideline. I think he'd end up with 30 to life there. So there are a lot of ways to look at the state judge's decision here and see that it's reasonable. Now, it's also true, and we have to admit this, that the state judge criticized Judge Chang's merits decision. But that doesn't violate the supremacy clause. The supremacy clause requires state judges to obey federal law. But it doesn't require them to like it or agree with it or even pretend to like or agree with it. And I think this court knows that many judges are not shy about criticizing the policy of statutes that displease them or the reasoning of Supreme Court precedents that don't hang together so well or even the tactics of litigants who stand on procedurally valid technical rights that nonetheless are morally irritating. So ultimately, although it got colorful at points, Judge Pellicandriotis's decision in the Will County Circuit Court was within the mainstream of the kinds of things that judges do and do without error. And the objective strength of his criminal record here was pretty robust, especially in comparison to the offer that she was looking at. And I'll make just one final point on the merits to the extent that you're looking at them. My opponent has consistently talked about curing or urging or undoing the taint of the constitutional violation here. And I would like to remind the court that the real injury at the heart of it, that he suffered according to Judge Chang's first ruling, was the loss of an informed opportunity to present this agreement in state court. It wasn't necessarily a lower sentence. It was the loss of that opportunity to present it. And in accordance with Lafler, now that he's had that opportunity, that cures the actual injury that he had. And I think it's important to look at what his injury and his procedural rights really are, rather than getting hung up on words like taint of the constitutional violation. So then there'd be a subsequent habeas then? There presumably would be. He hasn't shown any sign of foregoing an opportunity to litigate in either state or federal court. So if I had to predict it, I would predict that he would file another federal habeas petition. And I'm not sure about the rules, but I know as a matter of general practice, in the Northern District of Illinois, usually if a subsequent habeas petition comes in after a prior dismissal, it is going to go to the same judge. Now that said, judges leave the bench. They send the bench. Cases get reassigned. So it's possible that a different federal district court judge could come into this. But I don't think petitioner is entitled to have, say, Judge Chang's views on the matter, as opposed to any other district judge's views or this court's views. So what do we do in the meantime? Wait? In the meantime, according to our reading of Coulter and Moore against Moat and Gaccio against Butler, you actually just have to dismiss the appeal for want of jurisdiction. And you wouldn't opine on the merits. Again, your other option is that if somehow you find that you have jurisdiction, you can just affirm Judge Chang's decision for now, essentially dismissing the case without prejudice. Now, I understand that there were some formal flourishes in Judge Chang's set of orders here that sort of hinted at finality. He did issue a certificate of appealability. He did put down a separate document that looks kind of like a final judgment. But the real thrust of his decision was that petitioner can come back to federal court later. And with that clarification, you could affirm if you do have appellate jurisdiction here. I think it's only if petitioner insists that he really does need a merits determination now on his federal claim and you found a path to giving him that, that we could then dive into the merits. And there the merits are very strong for the state. If there are no further questions. Okay. Thank you, Mr. Beck. Thank you, Your Honors. Mr. Friedman, does he have any time? A minute. Your Honors, I'll be quick. I'd just like to address some of the jurisdictional points that you were just talking about with Mr. Becker. First, I think it's interesting that the state described the jurisdictional argument by stating that you have to put the pieces together in order to find that there isn't jurisdiction here. And I think that's very apt because there are multiple links in the logical chain that just don't add up to no jurisdiction here. First, the remedy portion of this proceeding is not a separate claim. Second, 22, and that's clear under the case law in this circuit. But it's also important to remember that the Coulter and McCann cases arise in the Batson context, which is just completely an opposite to the case at hand here. In those cases, the facts were very different, and a new proceeding, a new Batson proceeding, was held at which the errors were different from the errors that were initially raised in the first habeas petition. For instance, in I believe it's McCann, Coulter, the first habeas petition challenged the ruling on a prima facie case of discrimination, and then the second ruling challenged the decision on overall whether there was a correct finding of discrimination. So I just would like to remind the court of that, and thank you. Okay, thank you very much to both counsel.